UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEANNA CARECCIO, ARVIND CHANDRAN, BRENDA CHAQUETTE, CHAD J. COOK, JEFFREY COSTA, LISA COSTANZA, WILLIAM HOYER, KEVIN MORRIS, and EDWARD MOTA, *Individually and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> BMW of NORTH AMERICA LLC, BRIDGESTONE CORPORATION, BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, <br><br> Defendants. | Civ. Action No. 08-2619 <br><br><br> **ORDER & FINAL JUDGMENT** |

**ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**

WHEREAS, plaintiffs Deana Careccio, Arvind Chandran, Brenda Chaquette, Chad J. Cook, Jeffrey Costa, Lisa Costanza, William Hoyer, Kevin Morris and Edward Mota (collectively "Plaintiffs"), have moved for an order [D.E. 122] finally approving the class action settlement ("Settlement") which was preliminarily approved by Order dated January 7, 2010 ("Preliminary Approval Order") [D.E. 107] and which Motion was joined by defendants BMW of North America, LLC ("BMW NA"), Bridgestone Americas Tire Operations, LLC ("BATO") and Bridgestone Corporation ("Bridgestone") (collectively "Defendants"); and

WHEREAS, the Parties appeared by their attorneys of record at a Final Approval Hearing on April 12, 2010, after an opportunity having been given to all Class Members to be heard in accordance with the Court's Preliminary Approval Order, and having given due consideration to the Parties' settlement agreement, including its attached exhibits ("Settlement Agreement"), the Motion, all other papers (including declarations) filed in support of the Settlement by the Parties, all objections to the Settlement, the record in this case, the arguments at the hearing on April 12, 2010, all other materials relevant to this matter, and for the reasons in the opinion filed herewith;

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes of this Litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms its previous certification, and for purposes of effectuating the Settlement, the Settlement Class is defined as follows:

> All current and former owners and lessees of model year 2006 and 2007 BMW 3 Series Vehicles (E90 and E91) sold or leased in the United States originally equipped with Turanza EL42 run-flat tires manufactured by Bridgestone (the "Vehicles"), where, as set forth in Service Information Bulletin 36 06 06 (the "SIB") of BMW of North America, LLC that was issued in February 2008:
>
> a. the Bridgestone Turanza EL42RFT 205/55R16 (16-inch) tire bears a DOT number indicating manufacture on or before the 22nd week of 2007 (*i.e.*, "2207") and the BMW 3 Series Vehicle was manufactured on or before September 10, 2007; or
>
> b. the Bridgestone Turanza EL42 RFT 225/45R17 (17-inch) tire bears a DOT number indicating manufacture on or before the

      26th week of 2006 (*i.e.*, "2606") and the BMW 3 Series Vehicle was manufactured on or before September 14, 2006 ("Settlement Class" or "Class").

  Excluded from the Class are Defendants, as well as Defendants' affiliates, employees, officers and directors, including franchised dealers, any person who has experienced physical injury as a result of the alleged defects at issue in this Litigation, and the Judge and Mediator to whom this case is assigned.

  4.  Regarding the Settlement Class, the Court has determined, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs (Deana Careccio, Arvind Chandran, Brenda Chaquette, Chad J. Cook, Jeffrey Costa, Lisa Costanza, William Hoyer, Kevin Morris and Edward Mota ) and Class Counsel (James C. Shah) have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

  5.  Defendants have provided notice of this proposed Settlement in a manner consistent with the Preliminary Approval Order and direct mail notice (and accompanying Claim Form) was mailed to more than 190,000 Settlement Class Members.  In addition, notice of the Settlement (including all relevant documents) was posted on a dedicated website created by the Settlement Administrator and further was posted on Class Counsel's website.

  6.  The Court has determined that the notice that has been provided pursuant to the Settlement Agreement and the Preliminary Approval Order (a) provided the best practicable

notice; (b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their right to appear or object to or exclude themselves from the proposed Settlement; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) fully complied with all applicable due process requirements and any other applicable law.

7. The Court has determined that full opportunity has been given to the Class Members to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses, and otherwise participate in the Final Approval Hearing on April 12, 2010. The Court has considered all of the objections to the Settlement that were submitted by Settlement Class Members and has determined that none warrants disapproval of the Settlement Agreement and/or Plaintiffs' request for attorneys' fees and expenses, and incentive awards.

8. The Court has carefully considered the materials before it and has made its independent judgment. Plaintiffs and the Settlement Class Members face significant risks in the Litigation, the possibility of any greater ultimate recovery in litigation is speculative, and any such recovery would occur only after considerable additional delay. Moreover, the Parties have reached the Settlement Agreement after vigorous litigation, significant investigation and discovery, and extensive arm's-length negotiations absent collusion, including a lengthy mediation proceeding. Accordingly, having considered the foregoing, the number of Settlement Class Members who have asked to be excluded from the Settlement, and the level of opposition to the Settlement Agreement, and balancing the costs, risks, and delay of continued litigation against the benefits provided to the Settlement Class by the Settlement set forth in the Settlement Agreement, and based on the Court's own knowledge of the Litigation, the Court finds and

concludes that the Settlement is in the best interests of the Settlement Class and is a fair, reasonable, and adequate compromise of the claims asserted in the Litigation.

9. The Settlement, and the terms of Settlement as described in the Settlement Agreement are, accordingly, approved and confirmed as fair, reasonable and adequate to all Settlement Class Members.

10. The Parties are hereby directed to proceed with and implement the Settlement Agreement in accordance with its terms. Defendants shall take all steps reasonable and appropriate to provide Class Members with the benefits they are entitled to under the Terms of the Settlement Agreement.

11. The Court dismisses, on the merits and with prejudice, all claims currently pending before it that belong to Settlement Class Members not listed on Exhibit "1," which is attached to this Order and filed under seal (*i.e.*, those Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement).

12. As of this date, all Class Members not listed on Exhibit "1" to this Order, which lists the Class Members who requested to opt out of the Settlement, shall be deemed to be bound by the Order and Final Judgment entered herein, and to have released Defendants from all of the released claims defined in the Settlement Agreement.

13. The Court, having considered the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees and expenses in the amount of one million, two hundred thousand dollars ($1,200,000.00), as the Court finds that the fees and expenses were warranted and fair and reasonable under the factors set forth in this Circuit. The Court also approves the requested

aggregate incentive award in the sum of thirty four thousand dollars ($34,500), which is to be distributed to the Class Representatives in sums of five thousand dollars ($5,000), and three thousand five hundred dollars ($3,500), as is more fully set forth in the Settlement Agreement.

14. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

15. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties and their counsel, including all Settlement Class Members, and the execution, consummation, administration, effectuation and enforcement of the terms of the Settlement Agreement, and the terms of this Order and Final Judgment, including entry of any further orders as may be necessary and appropriate.

IT IS SO ORDERED

DATED: April 29, 2010

/s/Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.